IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
SEP 25 2009
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § |
| Plaintiff, | § § |
| v. | § Civil Action No. A09CA 707 SS § |
| GARDEN RIDGE CORPORATION, | § COMPLAINT AND § JURY TRIAL DEMAND |
| Defendant. | § |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Tricia Eaton and Sarah Munger who were adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, Garden Ridge Corporation, discriminated against Tricia Eaton and Sarah Munger in violation of the Americans with Disabilities Act by failing to hire them because they are deaf, and by failing to reasonably accommodate the disability of Tricia Eaton during the application process.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3), of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, Austin Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, (the "Employer"), has continuously been a Delaware corporation doing business in the State of Texas and the City of Austin, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Tricia Eaton filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. At all relevant times, Tricia Eaton and Sarah Munger have been and are each a qualified person with a disability and each is covered by Title I of the ADA, 42 U.S.C. §§ 12101 *et seq.*

9. Since at least August 7, 2007, Defendant Employer engaged in unlawful employment practices at its Austin, Texas facility, in violation of Section 102 of Title I of the ADA, 42 U.S.C. §§ 12112 *et seq.* The unlawful employment practices were to discriminate against Tricia Eaton and Sarah Munger by failing to hire them because of their disability, deafness.

10. Since at least August 7, 2007, Defendant Employer engaged in an unlawful employment practice at its Austin, Texas facility, in violation Section 102 of Title I of the ADA, 42 U.S.C. §§ 12112 *et seq.*, by failing to provide a reasonable accommodation to the disability of Tricia Eaton in the application process.

11. The effect of the practices complained of in paragraphs 9 and 10 above has been to deprive Tricia Eaton and Sarah Munger of equal employment opportunities and to otherwise adversely affect their status as applicants for employment because of their disability.

12. The unlawful employment practices complained of in paragraphs 9 and 10 above were intentional.

13. The unlawful employment practices complained of in paragraphs 9 and 10 above were done with malice or with reckless indifference to the federally protected rights of Tricia Eaton and Sarah Munger.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against any qualified employees, because of their disability, by: (1) failing to provide reasonable accommodations; (2) failing to hire qualified employees because of their disability; and (3) engaging in any other employment practice which discriminates on the basis of disability;

B.   Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

C.   Order Defendant Employer to make whole Tricia Eaton and Sarah Munger, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring of Tricia Eaton and Sarah Munger, or front pay in lieu thereof;

D.   Order Defendant Employer to make whole Tricia Eaton and Sarah Munger, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practice described in paragraphs 9 and 10 above, including relocation expenses, job search expenses and medical expenses, in amounts to be determined at trial;

E.   Order Defendant Employer to make whole Tricia Eaton and Sarah Munger by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraphs 9 and 10 above, including, but not limited to,

emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F.  Order Defendant Employer to pay Tricia Eaton and Sarah Munger punitive damages for engaging in discriminatory practices with malice or reckless indifference to Tricia Eaton and Sarah Munger's federally protected rights, as described in paragraphs 9 and 10 above, in amounts to be determined at trial;

G.  Grant such further relief as the Court deems necessary and proper in the public interest; and

H.  Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
ROBERT A. CANINO
Regional Attorney w/permission
Oklahoma State Bar No. 011782

_____
JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300
E-mail: judith.taylor@eeoc.gov

*[signature]*
EDWARD JUAREZ
Senior Trial Attorney
Texas Bar No. 24014498
E-mail: eduardo.juarez@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7613
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**